# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:22-cv-00251-MR

| | |
|---|---|
| **PAKUJA CRYSTAL VANG,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **VALDESE WEAVER,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's letter, which the Court construes as a motion for the appointment of counsel. [Doc. 4].

The Plaintiff requests the Court for the appointment of counsel to represent her in this matter. [Doc. 4]. There is, however, no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a civil litigant must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel, and therefore, her motion is denied.

The *pro se* Plaintiff is further advised that, in the future, letters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's letter, which the Court construes as a motion for the appointment of counsel [Doc. 4], is hereby **DENIED**.

**IT IS SO ORDERED**.

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge