IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00251-MR

| | |
|---|---|
| PAKUJA CRYSTAL VANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| VALDESE WEAVER, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH CAROLINA, VIRGINIA, ) | |
| WASHINGTON, D.C., and SOUTH ) | |
| CAROLINA, ) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on review of the Plaintiff's "Third-Party Complaint" [Doc. 1] and on the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") [Doc. 3].

I.  **STANDARD OF REVIEW**

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or

malicious and states a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners").  A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989).  While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios."  Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement

of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## II. DISCUSSION

### A. IFP Motion

The Plaintiff seeks to proceed in this action without the prepayment of fees or costs. Upon review of the financial information provided in the motion, the Court finds that the Plaintiff has adequately demonstrated that she is unable to make prepayment of the required fees and costs. Accordingly, the motion will be granted.

### B. § 1915 Review of Complaint

By the present action, the Plaintiff names her former employer, Valdese Weaver, as a defendant. [Doc. 1]. She also attempts to sue various states, as well as the District of Columbia, as third-party defendants. [Id.].

A third-party complaint is a mechanism by which a defendant, who may be liable to a plaintiff, may sue a third individual who may be liable to the

3

defendant for some or all of the plaintiff's original claim.  See 6 Fed. Prac. & Proc. Civ. § 1442 (3d ed.).  Here, the Plaintiff is *not* a defendant and therefore cannot assert a third-party complaint against another party.  As such, her "Third-Party Complaint" is frivolous and must be dismissed.[1]

When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case.  See Neitzke, 490 U.S. at 328; White, 886 F.2d at 724.  It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996).  As such, the Court will dismiss this civil action without prejudice.

For the reasons stated herein, the Court concludes that the Plaintiff cannot cure the defects identified in her Complaint by further amendment. See Bing v. Brivo Sys., LLC, 959 F.3d 605, 613 (4th Cir. 2020), cert. denied, 141 S. Ct. 1376 (2021).  Moreover, the Court finds that the Plaintiff's Complaint is patently frivolous.  Accordingly, the Court declines to give the Plaintiff leave to further amend her Complaint.

---

[1] Even if the Plaintiff's pleading could be construed as attempting to asserting claims against Valdese Weaver and various governmental entities as defendants, her allegations are nonsensical and incoherent.   [See Doc. 1 at 4 ¶¶ III.A. and B.].  As such, her Complaint fails to state a claim upon which relief can be granted, and is still subject to dismissal.

This is the fifth civil action that the Plaintiff has filed in this Court in the past year regarding injuries that she alleges that she sustained during the course of her previous employment. See Civil Case Nos. 1:21-cv-00355-MR; 1:22-cv-00119-MR; 1:22-cv-00231-MR; 1:22-cv-00232-MR; 1:22-cv-00251-MR. All of her previously filed actions have been dismissed, either for failure to state a claim upon which relief can be granted or due to her failure to prosecute. Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106

5

Case 1:22-cv-00251-MR   Document 7   Filed 01/03/23   Page 5 of 6

F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") [Doc. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's "Third-Party Complaint" is **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.** Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge